IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § | |
| OF CHINA NAVIGATION CO. LTD. § | |
| AS OWNER AND OPERATOR OF THE § | CIVIL ACTION NO. G-04-640 |
| M/V INDOTRANS JAVA FOR § | |
| EXONERATION FROM OR LIMITATION § | |
| OF LIABILITY § | |

### ORDER DENYING DEFENDANT EHSHAB MARINE SERVICE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This case arises out of a serious crane collapse which resulted in one death, several injuries, and millions of dollars in property damage. China Navigation Company Ltd. ("China Navigation") brought this action seeking a limitation of liability. Now before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction by EHSHAB Marine Service ("EHSHAB"). For the following reasons, EHSHAB's Motion is respectfully **DENIED**.

**I. Background**

On October 20, 2004, the M/V INDOTRANS JAVA was docked in Freeport, Texas, where crane operator Kevin Rodney Gray boarded the vessel to operate the crane during cargo unloading. During the unloading, the trolley and operator's cab assembly of the crane separated from the bridge of the gantry and fell into one of the vessel's cargo holds. The accident killed Mr. Gray and injured two other longshoremen who were in the cargo hold at the time of the accident. The accident allegedly also caused over $3 million in property damage to the M/V INDOTRANS JAVA.

EHSHAB is a Swedish corporation that provides service work on cranes that are permanently affixed aboard vessels. In connection with a sale of the M/V INDOTRANS JAVA, EHSHAB was

employed to inspect and service the crane involved in the accident described above. EHSHAB now moves to dismiss for lack of personal jurisdiction.

**II. Legal Standard**

EHSHAB argues that this Court cannot exercise personal jurisdiction over it. Generally, defendants are subject to personal jurisdiction in this District if they are amenable to service of process under Texas's long-arm statute and the exercise of personal jurisdiction is consistent with due process. *See Electrosource, Inc. v. Horizon Battery Techs. Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). However, personal jurisdiction can also be predicated on Fed. R. Civ. P. 4(k)(2), which allows for "service of process and personal jurisdiction in any district court for cases arising under federal law where the defendant has contacts with the United States as a whole sufficient to satisfy due process concerns and the defendant is not subject to jurisdiction in any particular state." *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650 (5th Cir. 2004). Since this is a case sounding in admiralty, Rule 4(k)(2) applies, and it is this rule which makes jurisdiction appropriate in the instant case. *See World Tanker Carriers Corp. v. MV YA MAWLAYA*, 99 F.3d 717, 723 (5th Cir. 1996).

After determining the applicability of Rule 4(k)(2), the Court next considers whether it provides a basis for jurisdiction over EHSHAB in this case. Specifically, it must determine whether EHSHAB's contacts with the nation as a whole are sufficient to satisfy due process concerns. Specifically, whether the exercise of personal jurisdiction over EHSHAB is consistent with the Due Process Clause of the United States Constitution requires a two-pronged analysis. First, the Court must conclude that EHSHAB has "minimum contacts" with the United States. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). Second, the Court must determine that requiring EHSHAB to litigate in this forum does not offend "traditional notions of fair

play and substantial justice." *Id.*; *see also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994); *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). Contacts unrelated to the cause of action may confer general jurisdiction, but these contacts must be both continuous and systematic and substantial. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S. Ct. 1868, 1873, 80 L. Ed. 2d 404 (1984).[1]

China Navigation need only make a *prima facie* showing of jurisdiction. *See Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 785 (5th Cir. 1990); *Guyton v. Pronav Ship Mgmt., Inc.*, 139 F. Supp. 2d 815, 818 (S.D. Tex. 2001). China Navigation has provided depositions and other evidence supporting it's version of the facts, and the Court must resolve all questions of fact in it's favor. *See DeJoseph v. Odfjell Tankers (USA), Inc.,* 196 F. Supp. 2d 476, 478 (S.D. Tex. 2002); *Guyton*, 139 F. Supp. 2d at 818.

III.  Analysis

EHSHAB is a foreign company with its principal place of business in Helsingborg, Sweden. According to EHSHAB, it has four employees who all work in the Helsingborg office. EHSHAB argues that it does not have any offices or agents in Texas, and that it generally does no business in this State. It argues that its only contacts with the State of Texas were four trips to Texas to perform service on ships. It further argues that EHSHAB employees have only made eight trips to the United States since 1996 and the company has sold goods to only one American customer located in Alabama.

However, China Navigation's evidence in support of jurisdiction shows that EHSHAB is not

---

[1] Having determined that Rule 4(k)(2) is applicable, there is no need to consider China Navigation's arguments regarding specific jurisdiction.

the "mom and pop" operation it portrays itself as. To the contrary, EHSHAB has done regular work on five of the seven continents (South America and Antarctica excluded). It's employees are constantly traveling internationally in order to provide services on vessels located all over the world. The opinions it renders on the safety of cranes and other equipment are relied on by vessel owners, charterers, shippers, brokers, cargo recipients, banks, investors, insurers, longshoremen, and seamen throughout the United States and indeed the worldwide maritime community. In fact, it is that very substantial and widespread reliance that EHSHAB depends on for its economic success.

EHSHAB has extensive and long-standing connections with the United States and with vessels that regularly and frequently come here. Its employees often travel here to work on vessels, or work on vessels elsewhere, knowing they will come here later. Additionally, EHSHAB has had ongoing sales relationships with at least one American company. In short, EHSHAB purposefully avails itself of the economic benefits available to it from American companies. EHSHAB's contacts with the United States are wholly sufficient to subject it to the jurisdiction of this Court pursuant to Rule 4(k)(2).

The exercise of personal jurisdiction over EHSHAB by this Court does not offend traditional notions of fair play and substantial justice. In making this determination, the Court considers the burden on EHSHAB, the interest of the forum state, the other Parties' interest in convenient and effective relief, the "judicial system's interest in efficient resolution of controversies," and the states' common interest in fundamental social policies. *See Guyton*, 139 F. Supp. 2d at 820; *see also Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987). As a company that does regular work internationally, EHSHAB cannot show that litigating in Texas would be an extraordinary burden; in fact, it seems to the Court that Texas would

4

be more convenient than Singapore, where the inspection was actually done. The United States and more particularly, the State of Texas, have a strong interest in protecting the safety of their citizens and ensuring the safe operation of vessels that call at its ports. Finally, requiring EHSHAB to litigate in this Court serves all Parties' and the judicial system's interests in obtaining efficient relief by consolidating the litigation concerning this serious incident.

Because the Court has general jurisdiction and because the exercise of personal jurisdiction over EHSHAB does not offend traditional notions of fair play and substantial justice, EHSHAB's Motion to Dismiss for Lack of Personal Jurisdiction is respectfully **DENIED**.

IV. Conclusion

The Court finds that it has personal jurisdiction over EHSHAB, and EHSHAB's Motion to Dismiss is therefore respectfully **DENIED**. Each Party is to bear its own expenses, attorneys' fees, and taxable costs incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 12th day of December, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge